## Humphries v. Ganter.

[redacted]

*Thomas Foulke*, for plaintiff; *Aaron S. Swartz, Jr.*, for defendant.

CORSON, J., March 27, 1931.—In the first of the above cases, the jury trying both cases rendered a verdict in favor of Florence Humphries in the amount of $500, and in the second case rendered a verdict for the defendant. Both plaintiffs moved for new trials, each motion alleging the usual reasons that the verdict was against the law, against the evidence, etc. An additional reason was filed in each case as follows: "Fifth. The learned trial judge erred in refusing to permit counsel for plaintiff in this case, before the jury was sworn, to address an inquiry to the jury as to whether or not any of the jurors impaneled are members of the Roman Catholic faith."

Taking the first case, we cannot see that any of the usual reasons apply to the verdict rendered in favor of the plaintiff. Surely, the plaintiff cannot contend that the verdict in her favor was against the evidence and against the weight of the evidence, against law, and against the charge of the court. The defendant makes no such claim, and it is difficult to understand upon what ground the plaintiff seeks to set aside a verdict in her favor.

The only ground upon which the plaintiff Humphries might complain is that of inadequacy of the verdict. This verdict, however, is a substantial verdict. It is not a nominal verdict, and is one which the jury might properly have rendered upon the evidence submitted to them. The jury evidently rendered a verdict in favor of Miss Humphries upon the theory that she, being a passenger in the Seltten car, was free from the contributory negligence which the jury, by its verdict, evidently attributed to Seltten. Since the verdict in favor of Florence Humphries was justified under the evidence, and is not legally inadequate, it follows that the motion for a new trial as to Florence Humphries must be refused. The additional reason filed in the Humphries case, since it applies to both cases, is discussed later in this opinion.

Wilfred A. Seltten seeks a new trial, alleging the usual reasons, and the additional reason already noted. Plaintiff was operating his motor vehicle prior to the accident on a concrete road, in a southerly direction, near the village of Skippack, this county. At the scene of the accident, a hearse and some automobiles were parked to Seltten's left, in front of a house where a funeral was being conducted. The funeral services apparently were over,

and several of the persons in attendance had left the house and were standing on the other side of the road to Seltten's right. One man, according to the testimony, was standing in the center of the road opposite the entrance leading into the home of the deceased.

The defendant, Clarence J. Ganter, who was the minister conducting the services, was leaving the funeral from a private driveway leading out directly in front of the parked hearse. Under the verdict of the jury in the Humphries case, we must assume that the defendant Ganter was found to be negligent. The testimony as to the speed of the Seltten car varied up to a maximum of forty miles per hour. Counsel for Seltten argues that since a maximum of forty miles an hour at this point might not have been unlawful, therefore the jury was not justified in finding Seltten guilty of contributory negligence even under the testimony as to the highest rate of speed. The jury were instructed upon the question of plaintiff's contributory negligence, however, and the pertinent sections of the Vehicle Code of 1925, governing reckless driving and restrictions as to speed, were read to the jury. The question of the plaintiff's contributory negligence was left to the jury, and, while the trial judge might have found otherwise if he had been sitting as a juror, yet we cannot say that there was not sufficient evidence upon which the jury might have based their finding that the plaintiff, under all the circumstances, was guilty of contributory negligence.

The additional reason relates to the matter of challenging the jury in this case. The plaintiff's counsel wished to ask the panel of jurors whether any of the members of the panel as drawn were members of the Roman Catholic faith. Counsel at the argument admits that even though these jurors had been examined upon their voir dire, and had answered that they were members of the Roman Catholic faith, this would not have been sufficient to justify a challenge for cause. Plaintiff, of course, desired to ask this question because of the fact that the defendant was a priest of the Roman Catholic faith.

Knowledge that a juror was a Roman Catholic might have aided the plaintiff in the use of his peremptory challenges, but if such information is of value for such purpose, it should have been obtained by investigation prior to the trial, otherwise there would seem to be no limit to the questions which the parties might ask the jurors in obtaining information not justifying a challenge for cause, but which might aid in the use of peremptory challenges: See von Moschzisker: Trial by Jury, section 120, "Limitations on Examination on Voir Dire." The plaintiff might have asked the jury whether any of them were interested in the case at bar, and he might have asked the jurors to declare anything any of them might know relative to the controversy: Act of April 14, 1834, P. L. 333, section 160. Challenges for cause seem to be rather limited, and it has been held that the relationship of a juror to a witness in the case about to be heard is not a sufficient interest to disqualify the juror: Hinnershitz v. Mt. Penn Borough, 19 Dist. R. 1080. It has even been decided that a juror may serve though he is himself a witness in the case on trial: Harper v. Kean, 11 S. & R. 280. We feel that, under the circumstances of this case, an answer to the questions sought to be propounded by the plaintiff not justifying a challenge for cause, the trial judge properly exercised his discretion in refusing to allow the question as stated.

And now, March 27, 1931, for the reasons given, the motions for a new trial in both of the above cases are refused, and in the case of Florence Humphries v. Clarence J. Ganter, the prothonotary is directed to enter judgment in accordance with the verdict, upon payment of the jury fee.